UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
_____ DIVISION

| | |
|---|---|
| KYLE KINZY and JACKI KINZY <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD AND HOWARD, PLLC, an Illinois <br> professional limited liability company, HOWARD AND <br> HOWARD ATTORNEYS, an Illinois limited liability <br> company, HOWARD AND HOWARD, LLC, an Illinois <br> limited liability company, HOWARD AND HOWARD, <br> LTD., an Illinois corporation, IAN N. ROTHENBERG <br> D/B/A FIDELITY NATIONAL LAW GROUP, <br> PIERCE AND ASSOCIATES, an Illinois corporation, <br> PIERCE AND ASSOCIATES, PC, an Illinois corporation, <br> PIERCE & ASSOCIATES, LTD., an Illinois corporation, <br> and FIRST TENNESSEE BANK, NATIONAL <br> ASSOCATION, a national bank | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     Complaint No. _____ |

COMPLAINT

COMES NOW the Plaintiffs, by and through counsel, Kyle M. Kinzy, Esq., in the above

styled cause, and for their Complaint against the Defendants, Howard and Howard, PLLC,

Howard and Howard Attorneys, Howard and Howard, LLC, Howard and Howard, Ltd.,

(collectively referred to as "Howard"), Ian Rothenberg d/b/a Fidelity National Law Group

("Fidelity"), Pierce and Associates, Pierce and Associates, PC, Pierce & Associates, Ltd.

(collectively referred to as "Pierce"), and First Tennessee Bank, National Association ("First

Tennessee"). All Defendants shall be collectively referred to as "Defendants." Plaintiffs state as

follows:                                   Jurisdiction & Venue

1.      This is an action brought by a consumer for violations of the Fair Debt Collection

Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]). Therefore, subject matter

jurisdiction exists under 28 U.S.C. § 1331.

2.     This action is also brought under Illinois state law.

3.     Venue is proper in this Court under 28 U.S.C. Section 1391(b) as a substantial part of the events giving rise to the claim took place in this Judicial District and Defendants are subject to personal jurisdiction in this Judicial District.

Parties

4.     Plaintiff Kyle Kinzy is a natural person residing in Lake County, Illinois. Plaintiff Jacki Kinzy a/k/a Jablanka Petrovic-Kinzy is a natural person residing in Lake County, Illinois. Collectively the Plaintiffs shall be referred to as "Plaintiffs" or the "Kinzys."

5.     Defendant Howard and Howard, PLLC is an Illinois limited liability company that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principle place of business is in Chicago, Illinois.

6.     Defendant Howard and Howard Attorneys is an Illinois limited liability company that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principle place of business is in Chicago, Illinois.

7.     Defendant Howard and Howard, LLC is an Illinois limited liability company that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principle place of business is in Chicago, Illinois.

8.     Defendant Howard and Howard, Ltd. is an Illinois corporation that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principle place of business is in Chicago, Illinois.

9.     Upon information and belief, the Defendants Howard are also law firms practicing law in Illinois.

10.     Concerning the Defendant identified herein as Fidelity, this lawsuit is brought against Fidelity National Law Group, which is the trade name or corporate entity under which Mr. Ian

Rothenberg works. The Plaintiffs were not able to find where the Fidelity National Law Group was incorporated or to which corporation the trade name belongs prior to filing this action. Accordingly, Mr. Rothenberg is named in his corporate capacity for the business entity that owns the trade name Fidelity National Law Group, unless he was acting in his individual capacity at any time related the claims made herein. Upon information and belief, Fidelity engages in the business of collecting debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principal place of business is unknown to the Plaintiffs.

11. Pierce and Associates is an Illinois corporation that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principle place of business is in the State of Illinois.

12. Pierce and Associates, PC is an Illinois corporation that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principle place of business is in the State of Illinois.

13. Pierce & Associates, Ltd. is an Illinois corporation that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principle place of business is in the State of Illinois.

14. First Tennessee Bank, National Association ("First Tennessee") is a national bank that also engages in the business of collecting debts (i.e. a debt collector under the FDCPA) under various fictitious names including but not limited to First Horizon Home Loan Corporation and First Horizon Home Loan Corporation, a Division of First Tennessee Bank, National Association By Merger with First Horizon Home Loan Corporation.

15. Upon information and belief, First Horizon Home Loan Corporation, a Kansas corporation, ("First Horizon") was an unlicensed, foreign bank that transacted the business of

banking, originating loans, purchasing loans in Illinois at all relevant times that it existed. On or about May 31, 2007, First Horizon was merged out of existence, according to the records filed with the Kansas Secretary of State.

16.     First Tennessee claims that it acquired assets of First Horizon on or about May 31, 2007, even though the resolutions of First Horizon state that no consideration and no purchase price was paid for the merger or the acquisition of such assets. Ex. A.

17.     First Horizon is identified as the "Lender" on the mortgage documents filed with the Lake County Recorder of Deeds for the property commonly known as 6759 Tribal Court, Long Grove, IL 60047 (the "Property").

Factual Allegations

18.     On or about January 17, 2006, the Kinzys purchased the Property and they accepted title as tenants by the entirety. Ex. B.

19.     On or about April 12, 2006, a mortgage was recorded against the Property with the Lake County Recorder of Deeds (the "2006 Mortgage"). Ex. C.

20.     Without notice to the Kinzys, on or about September 7, 2007, another mortgage was recorded against the Property with the Lake County Recorder of Deeds (the "2007 Fraudulent Mortgage"). Ex. G.

21.     The Kinzys did not sign the 2007 Fraudulent Mortgage and did not even know about it until First Tennessee brought a foreclosure complaint against them.

22.     Comparing the 2006 Mortgage against the 2007 Mortgage shows that all of Mrs. Kinzy's signatures and initials are exactly the same and in exactly the same places on both documents, but the terms of the mortgages are different, particularly on the first page.

23.    The Kinzys do not know the individual who forged the 2007 Fraudulent Mortgage,
however First Tennessee is the beneficiary of the forgery.

24.    In addition to recording the 2007 Fraudulent Mortgage with the Lake County Recorder of
Deeds, First Tennessee attached it as the "true and correct" copy of the mortgage in its pleadings
and motions in a foreclosure action now pending in the Nineteenth Judicial District Court, Case
No. 2009 CH 2632. Defendants have repeatedly published the 2007 Fraudulent Mortgage and
the information contained therein to third parties who have relied upon the Defendants
representations that their misrepresentations are true and correct.

25.    When Defendants engaged in the initiation and perpetuation of mortgage foreclosure
collection law suits, they attached to four separate Complaints false documents intended to
represent the governing contracts by and between First Tennessee and the Kinzys when, in fact,
the attached 2007 Fraudulent Mortgage is purposely and intentionally false and misrepresented
as the actual mortgage securing the Property. The 2007 Fraudulent Mortgage was not signed by
the Kinzys. There was no consideration paid for it. The Defendants do not possess the original
and it cannot represent a contract between the parties.

26.    As a result of the Kinzys' communications directly with the Defendants, including a copy
of the Handwriting Expert's Report and Affidavit, all Defendants have been and are, at all times
relevant, aware that they have been and are utilizing false documentation as evidentiary
documentation in a court of law, under oath and in other places.

27.    After the initial communication, Defendants Pierce and First Tennessee did not send out
the required 1692(g) letter to the Plaintiffs. Upon information and belief, the other Defendants
became involved in this matter after Defendants Pierce and First Tennessee, but none of the other
Defendants sent out the required 1692(g) letter to the Plaintiffs.

28.     Defendant First Tennessee falsely reported the information regarding the alleged debt owed by Mrs. Kinzy to one or more consumer-reporting agencies and failed to report the debt as being in dispute as required by FDCPA.

29.     This public reporting to consumer-reporting agencies constitutes defamation as Defendants publicized false information about the alleged money owed it by the Plaintiffs, which is false.

30.     The conduct of Defendants has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

31.     It is a practice of Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, and state law.

32.     All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

33.     All actions taken by Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiffs and/or with the knowledge that their actions would very likely harm Plaintiffs and/or that their actions were taken in violation of the FDCPA, and state law and/or that they knew or should has known that their actions were in reckless disregard of the FDCPA, and state law.

34.     Defendants engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account as set forth in this Complaint and as such Defendants are subject to punitive damages and statutory damages and other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## FIRST CLAIM FOR RELIEF

### Violations of the FDCPA

35.     Paragraphs 1-34 of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

36.     Plaintiffs are consumers as that term is defined by 15 U.S.C. § 1692a(3).

37.     Defendants, which is a debt collectors under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

a.      Refusing to send the required 1692(g) notice within five days of contact so that the Plaintiff would be informed of Plaintiff's rights;

b.      Refusing to verify or to provide validation of the debt;

c.      Using a name other than First Tennessee Bank, NA, in their efforts to collect the debt;

d.      Not showing the account/tradeline as being in "dispute" on Plaintiff's credit report; and

e.      Falsely reporting the debt on Plaintiff's credit report; and

f.      Using recorded phone calls to Plaintiff in violation of FDCPA.

38.     15 U.S.C. § 1692e provides: "A debt collector may not use any false, deceptive, or other misleading representations or means in connection with the collection of any debt." In fact, the Defendants, utilizing the false 2007 Fraudulent Mortgage violated:

a.      15 U.S.C. § 1692e(2)(A): The character, amount and legal status of the debt for which the 2007 Fraudulent Mortgage is a false representation of the basis for the debt;

b.      *15 U.S.C.* § 1692e(2)(B): The false representation that the attached 2007 Fraudulent Mortgage representing the basis for the amounts claimed to be due and which may be lawfully received is a violation of the FDCPA. There are false representations as

Defendants knowingly have no such right contractual rights against Plaintiffs pursuant to the false 2007 Fraudulent Mortgage;

c.    *15 U.S.C.* § 1692(10): False and deceptive means to collect or to attempt to collect these debts to the extent that the cited basis for the debt is false.

39.    15 U.S.C. § 1692f: provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The following conduct by Defendants evidence the violation by them of the FDCPA:

a.    Defendant used and continues to use unfair and unconscionable means to collect or attempt to collect debts based on law suits with false documentation attached and which is being utilized to fool the consumers into believing that the false attachments are sound bases for the law suits.

b.    15 U.S.C. § 1692f(1): The collection of any amount ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law". The debts attempted to be collected and/or have been collected are not authorized or permitted by the attached false document contract.

40.    15 U.S.C. § 1692k specifically authorizes a private action to recover damages sustained because of these violations.

41.    The acts and actions that are in violation of the FDCPA occurred over a period of several years, but all Defendants violated the FDCPA multiple times within one year of the filing of this Complaint.

42.    The acts and actions by the Defendants were clearly knowing and intentional.

43.    The specific acts and action by the Defendants constituting the bases for this Complaint are set forth above, and are incorporated herein by reference, correlated with the attached exhibits, for the detail of these acts and actions, including, the time, date, place author and the

specificity of the false communications, misrepresentations and violations of the FDCPA of which Plaintiff complains.

44.     On or about January 15, 2015, the Defendants filed the Third Amended Complaint in the Nineteenth District Court, Waukegan, Illinois, Case No. 09 CH 2632 stating in paragraph __ that the 2007 Fraudulent Mortgage (attached as Exhibit G) is a true and correct copy of the mortgage securing the Property.

45.     In or around April, 2015, the Defendants filed a Motion for Default representing that the 2007 Fraudulent Mortgage was a true and correct copy of the mortgage securing the Property.

46.     On or about May 6, 2015, at oral arguments on First Tennessee's Motion for Default Judgment and the Kinzys' Motion to Extend Time, the Defendants represented that the 2007 Fraudulent Mortgage the 2007 Fraudulent Mortgage was a true and correct copy of the mortgage securing the Property.

47.     On many other occasions, the Defendants represented that the 2007 Fraudulent Mortgage was a true and correct copy of the mortgage securing the Property.

48.     At all relevant times, the Defendants failed to disclose that First Horizon, a Kansas corporation, which is prohibited from transacting the business of banking or engaging in the business of brokering, funding, originating, servicing or purchasing of residential mortgage. 205 ILCS 635/1-3(a) (West 2006).

49.     According to the Illinois Office of Banks and Real Estate, Department of Financial and Professional Regulation website, First Horizon's license to act as a loan originator was inactive and expired April 30, 2003, which was more than two years before the purported Note and mortgages in this case were originated (January 17, 2006). Ex. 55, 56 and 57.

50.     The purported transaction was also prohibited by the Illinois Business Corporations Act, which states in pertinent part, " no foreign corporation shall be entitled to procure authority under this Act. . .to transact in this State the business of banking. . .or a business of the character of a building and loan corporation." 805 ILCS 5/13.5.

51.     Each time the Defendants delivered the 2007 Fraudulent Mortgage, they committed a forgery under Illinois law, which is also a violation of the FDCPA.

52.     It is believed and therefore averred that the Defendants named above facilitated these wrongful actions for the purpose of enhancing their collections, regardless of the falsity of the attached 2007 Fraudulent Mortgage and the illegal nature of the transaction.

53.     A simple, reasonable review comparing the 2006 Mortgage with the 2007 Fraudulent Mortgage would have divulged to Defendants named above that the 2007 Fraudulent Mortgage was flawed and the original necessary before pursuing collection and legal actions against the Plaintiff.

54.     A reasonable investigation, which is clearly merited after the Kinzys delivered a copy of the Handwriting Expert's Report to the Defendants and filed it with the Lake County Court, would have revealed to all of the debt collectors that the 2007 Fraudulent Mortgage was a false representation that did not cover or concern itself with the Plaintiffs or the alleged debt.

55.     Because of all of the actions brought by Plaintiff's counsel, Defendants were placed in a "knowing or should have known" situation that such wrongful acts would be prosecuted for civil wrongs.

56.     Plaintiff suffered damages in the form of the respective costs to secure legal representation to respond to the underlying complaint.

57.     It is believed and therefore averred that the attachment of these fake documents and use as evidence were knowing and intentional, therefore.

58.     As such, Plaintiffs are entitled to treble damage and/or punitive damages as permitted by statute.

59.     The Defendants have obtained a judgment in foreclosure against the Kinzys and the Property based upon the 2007 Fraudulent Mortgage in the amount in excess of one million five hundred thousand dollars ($1,500,000.00). Upon information and belief, the Property is scheduled for Sheriff's Sale on April 19, 2016. It appears that if the Defendants are allowed to proceed in their foreclosure action pending in Lake County, that the Kinzys will lose their home and incur additional damages.

60.     Plaintiffs have been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

70.     Upon information and belief, Defendants have, in violation of 15 U.S.C. §1692e(8) failed to communicate to Defendant, other persons and entities, including credit bureaus, and persons yet to be determined, that Defendant disputes the alleged debt.

71.     By falsely representing that First Tennessee is either an assignee of an original creditor, and/or that said assignment/merger constitutes a proper, competent, or valid assignment between First Tennessee and the original creditor of any alleged debt by any alleged original creditor to First Tennessee and/or that First Tennessee is the original creditor, First Tennessee has made material, false and misleading representations, and has further communicated to Defendant and other persons credit information which is known or which should be known to be false.

72.     First Tennessee falsely represented to the Lake County Recorder and to the Court presiding over the foreclosure action pending against the Kinzys that: (a) the 2007 Fraudulent Mortgage is a

true and correct copy of the mortgage for the Property; (b) Mr. Kinzy signed the 2007 Fraudulent Mortgage on January 17, 2006; (c) Mrs. Kinzy signed the 2007 Fraudulent Mortgage on January 17, 2006; (d) the Kinzys' signatures on the 2007 Fraudulent Mortgage were notarized; (e) the 2007 Fraudulent Mortgage is the same as the previously recorded 2006 Mortgage; and (f) computer records show that the 2007 Fraudulent Mortgage was executed at or near the time it is dated.

73.     The Defendants have repeatedly and falsely represented that the 2007 Fraudulent Mortgage is a "certified copy" of the mortgage that was "re-recorded" with the Lake County Recorder of Deeds, when the 2007 Fraudulent Mortgage was never signed by the Kinzys, contains forged initials of Mr. Kinzy, is a cut and pasted from other previously signed documents, and contains an altered notary block that was signed by the notary before the alterations were made.

74.     The Defendants' false representations gave the false impression that the Lake County Recorder of Deeds certified that the 2007 Fraudulent Mortgage is a true and correct copy of the mortgage for the Property.

75.     Defendants have repeatedly and falsely represented that it "acquired" the purported note and mortgages for value. However, First Horizon's corporate resolutions specifically state that First Tennessee paid "no purchase price" and "no consideration" for its acquisition of the assets of First Horizon, including but not limited to the note and mortgages for the Property.

76.     Defendants have repeatedly and falsely represented that the name of First Tennessee, calling it "First Horizon Home Loans, a Division of First Tennessee Bank, National Association, Successor in Interest By Merger to First Horizon Home Loan Corporation" and other names that are different from First Tennessee Bank, National Association.

77.     In addition to the above-stated false representations, the Defendants also made the following false representations to third parties: the failure to communicate that a disputed debt is

disputed, the "re-recording" of said debt, the false and misleading representation and impression that First Tennessee is the original creditor of said debt, and other material false and misleading representations, and has violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(8), §1692e(2)(A), § 1692e(5), § 1692e(10) and § 1692f. First Tennessee either knew or should have known all of the above.

78.     The Defendants obtained a judgment in foreclosure against the Kinzys and the Property in an amount greater than one million five hundred thousand dollars ($1,500,000.00), the Kinzys' credit and reputations have been damaged, the Kinzys' lines of credit were reduced, the Kinzys' lost other real properties, retirement funds and other valuable assets as a result of the Defendants' fraudulent conduct in an amount to be proven at trial.

WHEREFORE, the Plaintiffs respectfully request relief against the Defendants, First Tennessee Bank, NA, Howard and Howard Attorneys, Howard and Howard, LLC, Howard and Howard, Ltd., Ian Rothenberg d/b/a Fidelity National Law Group, Pierce and Associates, Pierce and Associates, P.C., and Pierce & Associates, Ltd., as follows:

(a)     for preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Illinois Consumer Fraud and Deceptive Practices Act;

(b)     for preliminary and permanent injunctive relief, enjoining all of the named Defendants and conspirators from (1) selling, transferring, reporting or otherwise assigning the above named account to any other collection agency, debt collector, reseller or credit reporting agency, (2) attempting to place the Plaintiffs on any "deadbeat list," or attempting in any way to impugn the Plaintiffs' reputations as a homeowner, tenant or consumer in connection with any and all transactions carried out or related to the aforementioned debt, (3) selling the Kinzys' home at a judicial sale, (4) continuing action to confirm a judicial sale, if any has occurred, and (5) misrepresenting their interests in any note, mortgage or other interest in the Property to the Kinzys and/or any third parties;

(c)     for an award of actual and compensatory damages in an amount to be proven at trial;

(d)     for an award of statutory damages in an amount to be proven at trial;

(e)    for an award of punitive damages in an amount to be proven at trial;

(f)    for an award of reasonable attorneys' fees and costs in an amount to be proven at trial; and

(g)    such other relief to which the Plaintiffs are entitled under Federal or State Law, whether of a legal or equitable nature, as this Court deems to be equitable and just.

### SECOND CLAIM FOR RELIEF

### False or Misleading Representations

79.    Paragraphs 1-78 of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

80.    Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

81.    Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

82.    In numerous instances, through the means described in the above paragraphs, particularly paragraphs 24-25, 70-78 in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

83.    Defendants' representations as set forth in Paragraph 63 constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e. The acts and practices alleged in Paragraphs 63-64, 70-78 constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraphs 34-35 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

INJUNCTION FOR VIOLATIONS OF THE FTC ACT AND FDCPA

84.    Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that Defendants will not continue to violate the FTC Act and the FDCPA.

EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT AND THE FDCPA

85.    Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FDCPA and the FTC Act, including the ability to order the disgorgement of ill-gotten monies.

86.    The Defendants obtained a judgment in foreclosure against the Kinzys and the Property in an amount greater than one million five hundred thousand dollars ($1,500,000.00), the Kinzys' credit and reputations have been damaged, the Kinzys' lines of credit were reduced, the Kinzys' lost other real properties, retirement funds and other valuable assets as a result of the Defendants' fraudulent conduct in an amount to be proven at trial.

WHEREFORE, the Plaintiffs respectfully request relief against the Defendants, First Tennessee Bank, NA, Howard and Howard Attorneys, Howard and Howard, LLC, Howard and Howard, Ltd., Ian Rothenberg d/b/a Fidelity National Law Group, Pierce and Associates, Pierce and Associates, P.C., and Pierce & Associates, Ltd., as follows:

(a)    for preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Illinois Consumer Fraud and Deceptive Practices Act;

(b)    for preliminary and permanent injunctive relief, enjoining all of the named Defendants and conspirators from (1) selling, transferring, reporting or otherwise assigning the above named account to any other collection agency, debt collector, reseller or credit reporting agency, (2) attempting to place the Plaintiffs on any "deadbeat list," or attempting in any way to impugn the Plaintiffs' reputations as a homeowner, tenant or consumer in

connection with any and all transactions carried out or related to the aforementioned debt, (3) selling the Kinzys' home at a judicial sale, (4) continuing action to confirm a judicial sale, if any has occurred, and (5) misrepresenting their interests in any note, mortgage or other interest in the Property to the Kinzys and/or any third parties;

(c)     for an award of actual and compensatory damages in an amount to be proven at trial;

(d)     for an award of statutory damages in an amount to be proven at trial;

(e)     for an award of punitive damages in an amount to be proven at trial;

(f)     for an award of reasonable attorneys' fees and costs in an amount to be proven at trial; and

(g)     such other relief to which the Plaintiffs are entitled under Federal or State Law, whether of a legal or equitable nature, as this Court deems to be equitable and just.

## THIRD CLAIM FOR RELIEF

Violations of the Illinois Consumer Fraud and Deceptive Practices Act

87.     Paragraphs 1-78 of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

88.     The actions stated herein and carried out by the Defendants were violations of the Illinois Consumer Fraud and Deceptive Practices Act, and are therefore unfair and/or deceptive trade practices as defined under the statute. As stated in the foregoing paragraphs, the Defendants have repeatedly misrepresented the 2007 Fraudulent Mortgage as a true and correct document and persuaded other people, the Lake County Recorder of Deeds, the Nineteenth Circuit Court of Illinois, other banks, lenders and business to rely upon its misrepresentations.

89.     The 2007 Fraudulent Mortgage is not a true and correct copy of the mortgage for the Property.

90.     The Defendants obtained a judgment in foreclosure against the Kinzys and the Property in an amount greater than one million five hundred thousand dollars ($1,500,000.00), the Kinzys' credit and reputations have been damaged, the Kinzys' lines of credit were reduced, the Kinzys'

lost other real properties, retirement funds and other valuable assets as a result of the Defendants' fraudulent conduct.

WHEREFORE, the Plaintiffs respectfully request relief against the Defendants, First Tennessee Bank, NA, Howard and Howard Attorneys, Howard and Howard, LLC, Howard and Howard, Ltd., Ian Rothenberg d/b/a Fidelity National Law Group, Pierce and Associates, Pierce and Associates, P.C., and Pierce & Associates, Ltd., as follows:

(a)     for preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Illinois Consumer Fraud and Deceptive Practices Act;

(b)     for preliminary and permanent injunctive relief, enjoining all of the named Defendants and conspirators from (1) selling, transferring, reporting or otherwise assigning the above named account to any other collection agency, debt collector, reseller or credit reporting agency, (2) attempting to place the Plaintiffs on any "deadbeat list," or attempting in any way to impugn the Plaintiffs' reputations as a homeowner, tenant or consumer in connection with any and all transactions carried out or related to the aforementioned debt, (3) selling the Kinzys' home at a judicial sale, (4) continuing action to confirm a judicial sale, if any has occurred, and (5) misrepresenting their interests in any note, mortgage or other interest in the Property to the Kinzys and/or any third parties;

(c)     for an award of actual and compensatory damages in an amount to be proven at trial;

(d)     for an award of statutory damages in an amount to be proven at trial;

(e)     for an award of punitive damages in an amount to be proven at trial;

(f)     for an award of reasonable attorneys' fees and costs in an amount to be proven at trial; and

(g)     such other relief to which the Plaintiffs are entitled under Federal or State Law, whether of a legal or equitable nature, as this Court deems to be equitable and just.

## FOURTH CLAIM FOR RELIEF

### Identity Theft (State Law)

91.     Paragraphs 1-78 of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

92.     The State of Illinois recognizes a private right of action for violations of its identity theft statute. 720 ILCS 5/16-30.

93.     The Defendants knowingly and/or negligently used personal identifying information of the Kinzys to obtain rights in the 2007 Fraudulent Mortgage.

94.     The Defendants used the Kinzys names and other personal identifying information to alter mortgage documents without the Kinzys' authority to do so.

95.     The Defendants repeatedly used, recorded, filed, presented, delivered and represented to third parties that the 2007 Fraudulent Mortgage is a true copy of the mortgage for the Property.

96.     The Defendants attempted, or actually did, obtain, record, possess, sell, transfer, purchase, and/or manufacture the Kinzys' personal identification information or personal identification document with intent to deceive others to rely upon the 2007 Fraudulent Mortgage as a true and correct copy of the mortgage.

97.     The Defendants repeatedly used, transferred, or possessed document-making implements to produce false identification or false documents with knowledge that they will be used by the person or another to deceive others to rely upon the 2007 Fraudulent Mortgage as a true and correct copy of the mortgage.

98.     The Defendants repeatedly used the Kinzys' personal identification information or personal identification document of another to portray himself or herself as that person, or otherwise, for the purpose of using and/or gaining access to any personal identification information or personal identification document of that person, without the prior express permission of the Kinzys.

99.     Each and all of these actions constitute violation of Illinois' Identity Theft statute which caused financial and other damages against the Defendants, including, but not limited to

compensatory, statutory, punitive and other damages, as well as attorneys' fees and costs in an amount to be proven at trial.

WHEREFORE, the Plaintiffs respectfully request relief against the Defendants, First Tennessee Bank, NA, Howard and Howard Attorneys, Howard and Howard, LLC, Howard and Howard, Ltd., Ian Rothenberg d/b/a Fidelity National Law Group, Pierce and Associates, Pierce and Associates, P.C., and Pierce & Associates, Ltd., as follows:

(a)   for preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Illinois Consumer Fraud and Deceptive Practices Act;

(b)   for preliminary and permanent injunctive relief, enjoining all of the named Defendants and conspirators from (1) selling, transferring, reporting or otherwise assigning the above named account to any other collection agency, debt collector, reseller or credit reporting agency, (2) attempting to place the Plaintiffs on any "deadbeat list," or attempting in any way to impugn the Plaintiffs' reputations as a homeowner, tenant or consumer in connection with any and all transactions carried out or related to the aforementioned debt, (3) selling the Kinzys' home at a judicial sale, (4) continuing action to confirm a judicial sale, if any has occurred, and (5) misrepresenting their interests in any note, mortgage or other interest in the Property to the Kinzys and/or any third parties;

(c)   for an award of actual and compensatory damages in an amount to be proven at trial;

(d)   for an award of statutory damages in an amount to be proven at trial;

(e)   for an award of punitive damages in an amount to be proven at trial;

(f)   for an award of reasonable attorneys' fees and costs in an amount to be proven at trial; and

(g)   such other relief to which the Plaintiffs are entitled under Federal or State Law, whether of a legal or equitable nature, as this Court deems to be equitable and just.

FIFTH CLAIM FOR RELIEF

Fraud, Forgery and Counterfeiting

100.   Paragraphs 1-78 and 92-99 of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

101. Third parties, including but not limited to the Lake County Recorder of Deeds, the Nineteenth Judicial Circuit Court of Lake County, Illinois, credit reporting agencies, persons and businesses reviewing the Kinzys' credit, persons and businesses reviewing the Kinzys' interest in the Property, and other unknown persons and businesses have relied upon the misrepresentations of the Defendants and have made decisions adverse to the Kinzys' interests as a result.

102. The Kinzys have relied upon the misrepresentations of the Defendants, and even to the extent that they have disagreed or disputed them, third party reliance on the Defendants' misrepresentations has caused the Kinzys great harm.

103. The Defendants obtained a judgment in foreclosure against the Kinzys and the Property in an amount greater than one million five hundred thousand dollars ($1,500,000.00), the Kinzys' credit and reputations have been damaged, the Kinzys' lines of credit were reduced, the Kinzys' lost other real properties, retirement funds and other valuable assets as a result of the Defendants' fraudulent conduct.

WHEREFORE, the Plaintiffs respectfully request relief against the Defendants, First Tennessee Bank, NA, Howard and Howard Attorneys, Howard and Howard, LLC, Howard and Howard, Ltd., Ian Rothenberg d/b/a Fidelity National Law Group, Pierce and Associates, Pierce and Associates, P.C., and Pierce & Associates, Ltd., as follows:

(a)     for preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Illinois Consumer Fraud and Deceptive Practices Act;

(b)     for preliminary and permanent injunctive relief, enjoining all of the named Defendants and conspirators from (1) selling, transferring, reporting or otherwise assigning the above named account to any other collection agency, debt collector, reseller or credit reporting agency, (2) attempting to place the Plaintiffs on any "deadbeat list," or attempting in any way to impugn the Plaintiffs' reputations as a homeowner, tenant or consumer in connection with any and all transactions carried out or related to the aforementioned debt, (3) selling the Kinzys' home at a judicial sale, (4) continuing action to confirm a judicial

sale, if any has occurred, and (5) misrepresenting their interests in any note, mortgage or other interest in the Property to the Kinzys and/or any third parties;

(c)    for an award of actual and compensatory damages in an amount to be proven at trial;

(d)    for an award of statutory damages in an amount to be proven at trial;

(e)    for an award of punitive damages in an amount to be proven at trial;

(f)    for an award of reasonable attorneys' fees and costs in an amount to be proven at trial; and

(g)    such other relief to which the Plaintiffs are entitled under Federal or State Law, whether of a legal or equitable nature, as this Court deems to be equitable and just.

## SIXTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress (State Law)

104.    Paragraphs 1-78 and 92-99 of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

105.    The Defendants intended to and did inflict severe emotional distress upon the Plaintiffs by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiffs, the purpose of which was to intimidate and coerce the Plaintiffs into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiffs their right to dispute the legitimacy and validity of a claimed debt.

106.    The Defendants attempted to take advantage of the Kinzys reasonably unable to protect their interests by using deception, fraud, forged documents and other factors involved, and therefore acted with unconscionable intent.

107.    The Defendants obtained a judgment in foreclosure against the Kinzys and the Property in an amount greater than one million five hundred thousand dollars ($1,500,000.00), the Kinzys' credit and reputations have been damaged, the Kinzys' lines of credit were reduced, the Kinzys'

lost other real properties, retirement funds and other valuable assets as a result of the Defendants' fraudulent conduct.

WHEREFORE, the Plaintiffs respectfully request relief against the Defendants, First Tennessee Bank, NA, Howard and Howard Attorneys, Howard and Howard, LLC, Howard and Howard, Ltd., Ian Rothenberg d/b/a Fidelity National Law Group, Pierce and Associates, Pierce and Associates, P.C., and Pierce & Associates, Ltd., as follows:

(a)     for preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Illinois Consumer Fraud and Deceptive Practices Act;

(b)     for preliminary and permanent injunctive relief, enjoining all of the named Defendants and conspirators from (1) selling, transferring, reporting or otherwise assigning the above named account to any other collection agency, debt collector, reseller or credit reporting agency, (2) attempting to place the Plaintiffs on any "deadbeat list," or attempting in any way to impugn the Plaintiffs' reputations as a homeowner, tenant or consumer in connection with any and all transactions carried out or related to the aforementioned debt, (3) selling the Kinzys' home at a judicial sale, (4) continuing action to confirm a judicial sale, if any has occurred, and (5) misrepresenting their interests in any note, mortgage or other interest in the Property to the Kinzys and/or any third parties;

(c)     for an award of actual and compensatory damages in an amount to be proven at trial;

(d)     for an award of statutory damages in an amount to be proven at trial;

(e)     for an award of punitive damages in an amount to be proven at trial;

(f)     for an award of reasonable attorneys' fees and costs in an amount to be proven at trial; and

(g)     such other relief to which the Plaintiffs are entitled under Federal or State Law, whether of a legal or equitable nature, as this Court deems to be equitable and just.

## SEVENTH CLAIM FOR RELIEF

### Quiet Title (State Law)

108.    Paragraphs 1-78 and 92-99 of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

109.    This is an action to quiet title for real property owned in fee simple by the Kinzys, commonly known as 6759 Tribal Court, Long Grove, Illinois 60047, which is legally described as follows:

> LOT 29 IN CREEKSIDE OF LONG GROVE, BEING A SUBDIVISION IN THE EAST 1/2 OF THE SOUTHWEST 1/4 OF THE SECTION 1, TOWNSHIP 43 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED FEBRUARY 9, 1978 AS DOCUMENT NUMBER 1897440 IN BOOK 63 OF PLATS, PAGES 20 AND 21, IN LAKE COUNTY, ILLINOIS.

110.    The Kinzys' title to the Property is derived from the Trustee's Deed granting a fee simple interest to the Kinzys. A copy of the Trustee's Deed is attached as Exhibit B.

111.    The Kinzys reside at the Property.

112.    Defendant First Tennessee claims to be a successor-in-interest by a merger with First Horizon Home Loan Corporation and that the 2007 Fraudulent Mortgage is a true and correct copy of the mortgage for the Property. Exhibit G.

113.    The Kinzys never signed the 2007 Fraudulent Mortgage and never saw it until after First Tennessee brought a foreclosure action against them.

114.    Defendant First Tennessee simultaneously claims, beginning January 15, 2015, to be a successor-in-interest by a merger with First Horizon Home Loan Corporation and that the 2006 Mortgage is a true and correct copy of the mortgage for the Property. Exhibit C.

115.    Defendant First Tennessee admits that it paid nothing for its claimed interest in the note, mortgages or the Property, which was memorialized in the corporate resolutions of First Horizon Home Loan Corporation stating in pertinent part that "no purchase price" and "no consideration" was paid for the "merger" of First Tennessee and First Horizon. Exhibit H.

116.    On or about June 21, 2013, American Security Insurance Company, the insurance company hired by First Tennessee to insure the Property with forced-placed insurance sent a

letter stating that First Tennessee requested cancellation of the insurance policy because it the note/mortgage debt was paid off and First Tennessee no longer had an insurable interest in the Property. Ex. I.

117.  Representatives of First Tennessee have told the Kinzys that they are unable to provide any information about the HAMP loan modification requests and other relief requested by the Kinzys for the Property because they cannot find the loan in their computer records.

118.  First Tennessee is barred from recovery against the Kinzys and/or the Property because it used a forged and fraudulent document to recover.

119.  Additionally, First Tennessee has unclean hands in its effort to recover based upon the 2007 Fraudulent Mortgage. Judicial estoppel should also prevent First Tennessee from recovering under such circumstances.

120.  The Illinois Joint Tenant Act voids mortgages and other loan documents when both spouses do not sign the mortgage for a Property owned in tenancy by the entirety.

121.  First Tennessee lacks standing to recover against the Kinzys because it does not actually own an interest in the note, mortgages or the Property.

122.  The mortgages remain unsatisfied of record and constitute a cloud on the title of the Property.

123.  The Defendants obtained a judgment in foreclosure against the Kinzys and the Property in an amount greater than one million five hundred thousand dollars ($1,500,000.00), the Kinzys' credit and reputations have been damaged, the Kinzys' lines of credit were reduced, the Kinzys' lost other real properties, retirement funds and other valuable assets as a result of the Defendants' fraudulent conduct.

WHEREFORE, the Plaintiffs respectfully request relief against the Defendants, First

Tennessee Bank, NA, Howard and Howard Attorneys, Howard and Howard, LLC, Howard and

Howard, Ltd., Ian Rothenberg d/b/a Fidelity National Law Group, Pierce and Associates, Pierce

and Associates, P.C., and Pierce & Associates, Ltd., as follows:

(a)     for preliminary and permanent injunctive relief, enjoining all of the named Defendants
        and other conspirators from engaging in further violations of the Fair Credit Reporting
        Act, the Fair Debt Collection Practices Act, and the Illinois Consumer Fraud and
        Deceptive Practices Act;

(b)     for preliminary and permanent injunctive relief, enjoining all of the named Defendants
        and conspirators from (1) selling, transferring, reporting or otherwise assigning the above
        named account to any other collection agency, debt collector, reseller or credit reporting
        agency, (2) attempting to place the Plaintiffs on any "deadbeat list," or attempting in any
        way to impugn the Plaintiffs' reputations as a homeowner, tenant or consumer in
        connection with any and all transactions carried out or related to the aforementioned debt,
        (3) selling the Kinzys' home at a judicial sale, (4) continuing action to confirm a judicial
        sale, if any has occurred, and (5) misrepresenting their interests in any note, mortgage or
        other interest in the Property to the Kinzys and/or any third parties;

(c)     for an award of actual and compensatory damages in an amount to be proven at trial;

(d)     for an award of statutory damages in an amount to be proven at trial;

(e)     for an award of punitive damages in an amount to be proven at trial;

(f)     for an award of reasonable attorneys' fees and costs in an amount to be proven at trial;
        and

(g)     such other relief to which the Plaintiffs are entitled under Federal or State Law, whether
        of a legal or equitable nature, as this Court deems to be equitable and just.

## EIGHTH CLAIM FOR RELIEF

### Slander of Title (State Law)

124.    Paragraphs 1-78, 92-99 and 109-123 of this Complaint are expressly adopted and

incorporated herein as if fully set forth herein.

125.    The Defendants obtained a judgment in foreclosure against the Kinzys and the Property

in an amount greater than one million five hundred thousand dollars ($1,500,000.00), the Kinzys'

credit and reputations have been damaged, the Kinzys' lines of credit were reduced, the Kinzys' lost other real properties, retirement funds and other valuable assets as a result of the Defendants' fraudulent conduct.

126.    The Kinzys seek compensatory and punitive damages against the Defendants for their conduct involved in slandering the Kinzys' title to the Property, as well as attorneys' fees, including, but not limited to the costs and attorneys' that flow from the wrongful disparagement .

127.    Please take notice that the Plaintiffs demand a jury in this action.

WHEREFORE, the Plaintiffs respectfully request relief against the Defendants, First Tennessee Bank, NA, Howard and Howard Attorneys, Howard and Howard, LLC, Howard and Howard, Ltd., Ian Rothenberg d/b/a Fidelity National Law Group, Pierce and Associates, Pierce and Associates, P.C., and Pierce & Associates, Ltd., as follows:

(a)    for preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Illinois Consumer Fraud and Deceptive Practices Act;

(b)    for preliminary and permanent injunctive relief, enjoining all of the named Defendants and conspirators from (1) selling, transferring, reporting or otherwise assigning the above named account to any other collection agency, debt collector, reseller or credit reporting agency, (2) attempting to place the Plaintiffs on any "deadbeat list," or attempting in any way to impugn the Plaintiffs' reputations as a homeowner, tenant or consumer in connection with any and all transactions carried out or related to the aforementioned debt, (3) selling the Kinzys' home at a judicial sale, (4) continuing action to confirm a judicial sale, if any has occurred, and (5) misrepresenting their interests in any note, mortgage or other interest in the Property to the Kinzys and/or any third parties;

(c)    for an award of actual and compensatory damages in an amount to be proven at trial;

(d)    for an award of statutory damages in an amount to be proven at trial;

(e)    for an award of punitive damages in an amount to be proven at trial;

(f)    for an award of reasonable attorneys' fees and costs in an amount to be proven at trial; and

(g)     such other relief to which the Plaintiffs are entitled under Federal or State Law, whether of a legal or equitable nature, as this Court deems to be equitable and just.

Respectfully submitted,
Kyle Kinzy and Jacki Kinzy,

By: _____
        Kyle Kinzy

Kyle Kinzy
Law Offices of Kyle M. Kinzy, Esq.
318 Half Day Rd., #177
Buffalo Grove, IL 60089
312-493-5529 phone
312-488-4078 fax
ARDC No. 6231047